**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cr. No.: 23-10034-STA-2** |
| | ) | |
| **MELINDA RACHELLE STEPHENS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**POSITION OF PARTIES WITH RESPECT TO SENTENCING FACTORS (USA)**

---

**COMES NOW** the United States of America, by and through Reagan Taylor Fondren, Acting United States Attorney for the Western District of Tennessee, and William Joshua Morrow, Assistant United States Attorney for the Western District of Tennessee, and hereby files this pleading, pursuant to Local Criminal Rule 32.1(d), to advise the Court that the United States of America plans to raise the following legal objections to the Presentence Investigation Report (PSR) prepared in this case.

1.    Application of U.S.S.G. § 2G1.3(b)(2).

The Government submits that the two-level enhancement under U.S.S.G. § 2G1.3(b)(2) is applicable in this case.   Section 2G1.3(b)(2)(B) states that if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct,[1]" the

---

[1] According to Application Note 1 to the Commentary to § 2G1.3, the term "prohibited sexual conduct" has the meaning given that term in Application Note 1 of the Commentary to § 2A3.1 (Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse). Application Note 1 of the Commentary to § 2A3.1 defines "prohibited sexual conduct" as "any sexual activity for which a person can be charged with a criminal offense[.]" Based on the age of the defendants, the age of the minor victim, and the conduct set forth in Paragraphs 8-19 of the PSR, a person (namely, Barry Stephens) engaged in "prohibited sexual conduct" with the minor victim in this case.

defendant's offense level shall be increased by two levels.   As set forth in Paragraphs 9-12 of the PSR, Barry Stephens engaged in prohibited sexual conduct with the minor victim on multiple occasions, including the incident described in Paragraph 12 of the PSR which occurred in April 2022.   Application Note 3(B) to the Commentary to § 2G1.3 states that in determining whether subsection (b)(2)(B) applies, "the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."   The commentary further states that "[i]n a case in which a participant is at least 10 years older than the minor, there shall be a rebuttable presumption that subsection (b)(2)(B) applies.   In such a case, some degree of undue influence can be presumed because of the substantial difference in age between the participant and the minor."   *See* U.S.S.G. § 2G1.3, App. Note 3(B).

Here, the participants of the offense (Barry and Melinda Stephens) were at least 10 years older the minor victim.   Barry Stephens was 35-36 years old, and Melinda Stephens was 33-34 years old when the instant offense occurred; the minor victim was 13 years old.   Thus, the rebuttable presumption under App. Note 3(B) applies in this case, and "some degree of undue influence can be presumed because of the substantial difference in age between the participant[s] and the minor."   *Id.*   Moreover, the facts of this case demonstrate that both Barry and Melinda Stephens's influence over the minor victim compromised the voluntariness of the minor's behavior.   *See* PSR, ¶¶ 10-14, 17-20.   Thus, the two-level enhancement under § 2G1.3(b)(2)(B) is applicable in this case.

2.      Application of U.S.S.G. § 2G1.3(b)(3).

The Government also believes that the two-level enhancement under U.S.S.G. § 2G1.3(b)(3) applies in this case.   Section 2G1.3(b)(3)(B) states that "[i]f the offense

involved the use of a computer or an interactive computer service to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor," the defendant's offense level shall be increased by two levels.   As set forth in Paragraphs 17-19 of the PSR – which are just some examples of the text messages sent between Barry and Melinda Stephens concerning the minor victim – Barry and Melinda Stephens sent several text messages to each other enticing and encouraging each other (primarily Barry Stephens) to engage in prohibited sexual conduct with the minor victim.   Thus, because the offense involved the use of a computer to entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor victim, the defendant's offense level should be increased by two levels under § 2G1.3(b)(3)(B).

3.    Applicable Guideline Range.

If the Court applies both of the above sentencing enhancements, the defendant's total offense level would be 38.   An offense level of 38 combined with Criminal History Category I creates a guideline range of 235-293 months' imprisonment.   Based on the above arguments, the Government believes that the defendant's guideline range should be 235-293 months' imprisonment.

Respectfully submitted,

REAGAN TAYLOR FONDREN
Acting United States Attorney

By:    *s/William Joshua Morrow*
William Joshua Morrow
Tennessee Bar No. 026779
Assistant United States Attorney
109 South Highland, Suite 300
Jackson, Tennessee 38301
(731) 422-6220
Josh.Morrow@usdoj.gov

## CERTIFICATE OF SERVICE

I, William Joshua Morrow, Assistant United States Attorney for the Western District of Tennessee, hereby certify that a copy of the foregoing pleading has been sent via electronic filing to:

Jennifer D. Free, Esq.
Post Office Box 2764
Jackson, Tennessee 38302-2764

This, the 20th day of September, 2024.

s/William Joshua Morrow
WILLIAM JOSHUA MORROW
Assistant United States Attorney

4